Terry **XYDAKIS**, on behalf of himself and all other persons similarly situated, Plaintiff,

v.

**TARGET, INC.,** d/b/a Marshall Fields, Defendant.

No. 02 C 8435.

United States District Court, N.D. Illinois, Eastern Division.

June 8, 2004.

John Stephen Xydakis, Law Office of John S. Xydakis, P.C., Chicago, IL, for Plaintiff.

Joseph R. Marconi, Chicago, IL, Johnson & Bell, Ltd., Jeffrey Allen Hammond, Dowell Baker, Lafayette, IN, for Defendant.

## MEMORANDUM OPINION AND ORDER

MORAN, Senior District Judge.

Plaintiff Terry Xydakis brought this action on behalf of himself and other similarly situated persons alleging violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (DBPA), 815 ILCS 505/1 *et seq.* Defendant Target, Inc. filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, defendant's motion is granted.

## BACKGROUND

The facts are taken from plaintiff's complaint. On August 4, 2002, defendant allegedly placed an advertisement in the Chicago Tribune offering to sell an All-Clad grill pan, originally priced at $130.00, for $39.99, from August 4, 2002, through August 10, 2002, at all Chicagoland Marshall Field stores (which are owned and operated by defendant Target). On August 7, 2002, after seeing that advertisement, plaintiff went to the Oak Brook Marshall Field store intending to purchase the grill pan. When he arrived at the store, plaintiff was told that the store had sold out of the grill pans and he was not offered a rain check or a substitute product.

Plaintiff then went to another Marshall Field store in Orland Square Mall seeking to buy the pan. Again, he was told that none was available but that his name would be added to a waiting list. On August 12, 2002, plaintiff returned to the Orland Square store, hoping that the pans were in stock. He was then told that the grill pans had been discontinued by the manufacturer and would no longer be carried by Marshall Field's. Again, he was told that there were no rain checks or substitute items available. In a subsequent conversation with defendant's employees, plaintiff learned that a substitute item had been available but that it too was sold out.

In October 2002, plaintiff learned that Carson Pirie Scott stores were carrying the All-Clad grill pan and tried the Marshall Field stores again, but was again told that the item had been discontinued. Plaintiff finally decided to buy the grill pan from Carson Pirie Scott for $130.00.

## DISCUSSION

In deciding a Rule 12(b)(6) motion to dismiss the court assumes the truth of all well-pleaded allegations, making all inferences in the plaintiff's favor. *Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund,* 25 F.3d 417, 420 (7th Cir.1994).

The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). While the complaint need not provide the correct legal theory to withstand a Rule 12(b)(6) motion, it must allege all of the elements necessary to recover. *Ellsworth v. City of Racine,* 774 F.2d 182, 184 (7th Cir.1985), *cert. denied,* 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986).

■ The DBPA is designed to protect consumers from unfair or deceptive acts in the course of trade or commerce. 815 ILCS 505/1 *et seq.; Skyline Intern. Development v. Citibank, F.S.B.,* 302 Ill.App.3d 79, 236 Ill.Dec. 68, 706 N.E.2d 942, 946 (1998). The Act allows a private person injured by a violation of the Act to bring a civil action against the party committing the violation. 815 ILCS 505/10a. To adequately plead such a claim, a plaintiff must allege a deceptive act by the defendant in the course of business intended to induce reliance by the plaintiff that causes actual damages. *Oliveira v. Amoco Oil,* 201 Ill.2d 134, 267 Ill.Dec. 14, 776 N.E.2d 151, 160 (2002). Unlike an action brought by the attorney general pursuant to 815 ILCS 505/2, a private civil action requires proof of damages. *Id.*

Plaintiff sufficiently pleads a violation of the DBPA by the defendant. The Act specifically prohibits the advertising of goods or services while not intending to sell a reasonable quantity. 815 ILCS 510/2(10). Such conduct is also prohibited by the Illinois Administrative Code. 14 IL ADC 470.310. These regulations were designed to prevent so-called "bait and switch" schemes, whereby the seller lures a consumer into the store with an advertisement it does not intend to honor, and then sells the consumer a more expensive item. Taking plaintiffs allegations as true, defendant's advertisement constituted "bait" to get plaintiff into the store, violating the DBPA.

■ Plaintiff fails to allege the "switch" by defendant, however, and therefore fails to allege any actual damages caused by defendant's acts. Defendant's employees made no attempt to sell plaintiff a more expensive item and mentioned the sold-out replacement item only after it was brought up by plaintiff. There is nothing in the complaint to indicate that plaintiff spent any money at any Marshall Field store. While he did end up purchasing the grill pan for its full price of $130.00, this certainly was not induced by defendant's advertising since he bought the pan at a competing store.

Plaintiff argues that he need not plead damages because he is bringing this action for injunctive relief on behalf of a class who was affected by defendant's actions. 815 ILCS 505/10a is the only section in the DBPA that authorizes suits for a private action and, while it does allow for injunctive relief, such an action may only be brought by a person who suffers actual damages. *Smith v. Prime Cable of Chicago,* 276 Ill.App.3d 843, 213 Ill.Dec. 304, 658 N.E.2d 1325, 1337 (1995). Plaintiff here does not meet that qualification and therefore fails to state a claim as defined by the Act.

## *CONCLUSION*

For the foregoing reasons, defendant's motion to dismiss is granted.